UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

AMY LEDUFF, natural tutrix of minor child
ELLIOTT HARRISON, and JACK PORCHE,
natural tutor of minor child MICAH PORCHE

CIVIL ACTION

VERSUS

NO. 15-75-JJB

JOHN STEIB, SR. and SHERIFF BEAUREGARD
TORRES, III

**RULING ON MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT**

This case is before the Court on a Motion to Dismiss (Doc. 4) filed by defendant Sheriff Beauregard Torres, III (Sheriff Torres) and a Motion for Summary Judgment (Doc. 10) filed by defendant John Steib, Sr. (Steib). The plaintiffs, Elliott Harrison (Harrison) and Micah Porche (Porche),[1] filed oppositions (Docs. 9, 14) to each motion, and both Torres (Doc. 12) and Steib (Doc. 18) replied to the opposition to their respective motions. Oral argument is unnecessary for both motions.

**BACKGROUND**

On February 8, 2014, the plaintiffs were driving to meet their friends for a bon fire and stopped at 6141 Highway 81 in Lottie, Louisiana, mistakenly believing it was the home where their friends were hosting the bon fire. This home was actually Evan Steib's residence, and his mother, John Steib's wife, called him about the unknown vehicle in the driveway—they knew that Evan was not home at the time. Steib got out of the shower, grabbed his gun, and got into his vehicle with his wife. They drove to Evan's residence while Mrs. Steib called 911 to report a possible burglary in progress. In the driveway, the plaintiffs allege that they parked, turned off their lights, and listened to music while waiting for their friends to arrive.

---

[1] Harrison sues through his mother, Amy Leduff, and Micah Porche through his father, Jack Porche.

1

18TH JDC-Certified

As they were waiting, Steib pulled into the driveway. The plaintiffs claim that Steib, wearing no shirt and blue jeans, while brandishing a gun, got out and told them that he was a police officer. Harrison, thinking that his friends were pulling a prank, approached Steib; Steib pointed his weapon at him, and Harrison, realizing that it was not their friends, stopped. Steib denies that he identified himself as a police officer, and he claims that he brandished his weapon because Harrison—an unknown individual on his son's property without authorization—walked toward him. The plaintiffs also allege that Steib swore at them, berated them, threatened them, and detained them while waiting for the police. After this meeting with Steib, the plaintiffs were eventually taken to the correct residence after briefly meeting with officers, though they were called back later to meet with the officers again.

The plaintiffs sued Steib and alleged that they suffered emotional distress due to violations of their constitutional rights, intentional infliction of emotional distress, negligent infliction of emotional distress, and false imprisonment. Steib, the plaintiffs later learned, was an employee of the Point Coupee Sheriff's Office, though only as a volunteer member of the "Sheriff's Posse." Upon learning this, the plaintiffs added Sheriff Torres as a defendant; they allege that Sheriff Torres is vicariously liable for Steib and negligently supervised his employees, including Steib.

## JOHN STEIB

Steib moves for summary judgment, and the Court will now address his motion.

### Standard of Review

A motion for summary judgment should be granted when the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, show that there is no genuine dispute of material fact and that the movant is entitled to judgment as a

matter of law. Fed. R. Civ. P. 56(a). A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The admissibility of evidence for summary judgment purposes conforms to the rules of admissibility at trial. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 285 (5th Cir. 2004) (citations omitted). Material facts are those "that might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. Whether a fact is material will depend on the substantive law. *Id*. When addressing a summary judgment motion, the court must make reasonable inferences in favor of the non-moving party. *Evans v. City of Bishop*, 238 F.3d 586, 589 (5th Cir. 2000). If the movant meets his initial burden of showing the absence of a genuine dispute of material fact, the burden shifts to the nonmovant to identify or produce evidence that establishes a genuine dispute of material fact. *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

## Analysis

The plaintiffs assert several claims against Steib. First, they allege violations of their constitutional and "human" rights. Second, they allege a variety of state law tort claims. Each set of claims must be addressed separately.

I. Constitutional Rights Violations

Although the plaintiffs primarily make vague allegations, they do at least claim that Steib conducted an unlawful search on their vehicle. For there to be a violation of an individual's constitutional rights through an unlawful search, there must be government activity in accordance with §1983's "under color of state law" requirement. *United States v. Jacbonsen*, 466 U.S. 109, 113–14 (1984) (citing *Walker v. United States*, 447 U.S. 649, 662 (1980)). When evaluating whether an action was "under color of state law," how an individual identified himself

or referred to himself is not decisive by itself; other facts, such as the private nature of a dispute or whether the defendant was wearing his police uniform, are also relevant. *Garner v. Wallace*, 139 F.Supp.2d 801, 804–05 (E.D. Texas 2001); *Hill v. Barbour*, 787 F.Supp. 146, 149–50 (N.D. Ill. 1992). Steib argues that he was at his son's residence as a private citizen, not in his capacity as a volunteer member of the Sheriff's Posse, and he offers the Posse's schedule, which indicated that there were no scheduled activities that day. He also notes that his wife called 911 to get the police out to the residence as further evidence that he was not there as a volunteer deputy but in his personal capacity to protect his son's property. The plaintiffs claim that Steib identified himself as a police officer, and they argue that this shows he was acting as a deputy rather than a private citizen.

As a preliminary matter, though the parties present conflicting evidence that Steib conducted a search of the plaintiffs' vehicle, whether a search occurred does not affect the end result. Even if Steib searched the plaintiffs' vehicle, the plaintiffs have failed to establish genuine dispute of material fact regarding whether Steib was acting under color of state law. Steib did not go investigate a random call; his wife alerted him to an unfamiliar vehicle at his son's home—rather than a random citizen calling him for assistance—and he went to investigate. Further, he was in the shower at home, not out on patrol, and the schedule demonstrating that there were no Posse activities that day further supports that Steib was not working at the time; this schedule also demonstrates that the Posse was not involved in this incident. Indeed, instead of radioing for back-up or calling other members of the Posse, Steib had his wife call 911 requesting general police help. Steib's actions are those of a concerned citizen, not a police officer, even an off-duty one. Similarly, these additional circumstances align this case closely with *Garner* and *Hill*. Regardless of whether or not Steib identified himself as an officer to the plaintiffs, the evidence

4

present shows there is no genuine dispute of material fact as to Steib's status at the time of the events referenced in the complaint. Therefore, as Steib was not acting as a government official, he cannot be held be liable for violations of the plaintiffs' constitutional rights, and is entitled to judgment as a matter of law. Summary judgment will be granted in his favor on the constitutional claims.

II.     State Law Tort claims

The plaintiffs' remaining claims arise under Louisiana tort law. They claim that Steib is responsible for intentional infliction of emotional distress (IIED), negligent infliction of emotional distress (NIED), and false imprisonment. The Court has granted summary judgment in Steib's favor on the §1983 claims, eliminating all federal questions, and as a result, the Court exercises its discretion to remand the state law claims against Steib. 28 U.S.C. § 1367(c)(3) (2014).

**SHERIFF TORRES**

Sheriff Torres filed a motion to dismiss for failure to state a claim. The plaintiffs assert claims against him for §1983 violations in his official and individual capacity and state law claims for vicarious liability and conspiracy to commit an intentional tort. Both §1983 claims hinge on the claims against Steib; the plaintiffs allege that Sheriff Torres should be liable for Steib's alleged violation of their constitutional rights. The Court has granted summary judgment in Steib's favor on the §1983 claims against him because he was not a government actor at the time, meaning that there was no violation of the plaintiffs' constitutional rights. A private citizen cannot violate the constitutional rights of another citizen. Therefore, the motion to dismiss will be granted with prejudice regarding the §1983 claims against Sheriff Torres. The state law claims against Sheriff Torres, like those against Steib, will be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Steib's Motion for Summary Judgment (Doc. 10) is GRANTED. Sheriff Torres's Motion to Dismiss (Doc. 4) is also GRANTED. The federal claims against both defendants are dismissed with prejudice, and the state law claims are hereby remanded to the 18th Judicial District Court for the Parish of Point Coupee.

Signed in Baton Rouge, Louisiana, on June 11, 2015.

**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**